UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PLINIO ALBERTO OROBIO LANDAZURI,

        Petitioner,

v.

UNITED STATES OF AMERICA.,

        Respondent.

_____/

Case No. 1:21-cv-1079

Honorable Paul L. Maloney

**OPINION**

This is a petition brought by a federal prisoner seeking a reduction in sentence and a compassionate release from imprisonment under 18 U.S.C. § 3582(c)(a)(A). Petitioner Plinio Alberto Orobio Landazuri is incarcerated at the North Lake Correctional Institution in Baldwin, Michigan. Some part of the petition attacks the decision of the North Lake warden denying Petitioner's administrative request for compassionate release/reduction in sentence. (March 23, 2021 Correspondence, ECF No. 1-1, PageID.25–26.) Because Petitioner contends that the warden's denial violates federal law and that Petitioner is entitled to release from custody, the Court construes the petition as seeking habeas corpus relief under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because Petitioner the Court does not have subject matter jurisdiction to consider Petitioner's requests for relief.

### Discussion

I.  **Factual allegations**

During November of 2017, in the United States District Court for the Middle District of Florida, Petitioner entered a guilty plea to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). *United States v. Landazuri,* No. 8:17-cr-316 (M.D. Fla.) (Plea Agreement, Doc. 52.) On February 14, 2018, the court sentenced Petitioner to 135 months' imprisonment. Petitioner filed an appeal. The Eleventh Circuit Court of Appeals dismissed the appeal because Petitioner had waived his right to appeal in the plea agreement. *United States v. Landazuri*, No. 18-10750 (11th Cir. Jan. 14, 2019).

On July 5, 2020, Petitioner, while incarcerated at FCI Fort Dix, filed a motion for compassionate release in the Middle District of Florida. *United States v. Landazuri,* No. 8:17-cr-316 (M.D. Fla.) (Pet'r's Mot., Doc. 129). Petitioner sought compassionate release because of the risks to his health posed by the COVID-19 pandemic. After Petitioner filed his motion, but before the court decided it, Petitioner was transferred to North Lake. By order entered February 2, 2021, the court denied relief. Petitioner again sought a reduction in sentence by motion filed June 14, 2021. *United States v. Landazuri,* No. 8:17-cr-316 (M.D. Fla.) (Pet'r's Mot., Doc. 139). That request was based on a retroactive change to the sentencing guidelines. The court again denied relief.

At the same time Petitioner was pursuing a reduction of sentence because of the change in the sentencing guidelines, he was pursuing an administrative claim for compassionate release. That claim was initially denied by the North Lake warden (March 23, 2021, Correspondence, ECF No. 1-1, PageID.25–26; Admin. Remedy Response, ECF No. 1-1,

PageID.29), and then denied again at the regional level (Aug. 10, 2021 Regional Response, ECF No. 1-1, PageID.17). It is not apparent from the petition and attachments whether Petitioner pursued the final appeal to the Bureau of Prisons Office of General Counsel. Instead, it appears he filed another regional-level appeal. (Sept. 27, 2021 Regional Response, ECF No. 1-1, PageID.13–14.) Nonetheless, on December 17, 2021, Petitioner filed this petition.

## II. Discussion

Section 2241 of Title 28, United States Code, limits the federal court's power to grant the writ of habeas corpus to five circumstances. The only circumstance that applies to Petitioner is that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3).[1] Petitioner argues that warden's failure to pursue the remedy of compassionate release violates the federal statute that provides those remedy. Petitioner notes that the warden denied him relief because of an immigration detainer which, according to the warden, raises "a public safety factor." (March 23, 2021 Correspondence, ECF No. 1-1, PageID.25.) Petitioner contends that the fact that he will be deported upon release reduces any threat he might pose to the populace because he will be compelled to leave the country. Petitioner asks the Court to grant compassionate release under the statute.

In *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), the Sixth Circuit Court of Appeals provided background regarding the "compassionate release" remedy that is helpful to analysis of Petitioner's claims:

---

[1] Petitioner attacks the constitutionality of the discretionary decisions by the BOP and the Texas court. The remedy would appropriately be reconsideration of Petitioner's application free of the alleged due process and equal protection violations that prompted the denial. The Sixth Circuit Court of Appeals has concluded that requests for that type of relief by state prisoners are inappropriate under § 2254 because they do not demonstrate that the prisoner "is in custody due to a violation of federal law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020). Although the same reasoning would seem to apply to federal prisoners who claim they are in custody in violation of federal law under 28 U.S.C. § 2241(c)(3), the Sixth Circuit has held that it does not. *Id.* (distinguishing between state and federal prisoners based on the court's earlier decision in *Terrell v. United States*, 564 F.3d 442 (6th Cir. 2009)).

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in "extraordinary and compelling" circumstances. 18 U.S.C. § 3582(c)(1)(A). For over three decades, § 3582(c)(1)(A) allowed only the Bureau of Prisons ("BOP") to file motions for compassionate release. Because the BOP rarely did so, few compassionate release cases reached the federal courts. This drought of compassion concluded in 2020, when the forces of law and nature collided. The First Step Act of 2018's provision allowing incarcerated persons to file their own § 3582(c)(1)(A) motions coupled with COVID-19's pernicious presence in federal prisons triggered a massive upswing in imprisoned persons seeking compassionate release; 10,940 persons applied for compassionate release in the first three months of the pandemic alone.[1] Michael Jones is one of these legion petitioners. Jones is serving a ten-year sentence at Federal Correctional Institution Elkton, where one out of every four imprisoned persons has tested positive for COVID-19.2 In his § 3582(c)(1)(A) motion, Jones's medical ailments—which expose him to COVID-19-related health complications—comprise the crux of his request for a sentence reduction.

The First Step Act and COVID-19 have redefined the compassionate release landscape. Because this court had little opportunity to examine compassionate release before this, technical questions regarding § 3582(c)(1)(A)'s requirements and standards of review long went unanswered. Our recent decision in *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020), unravels some of these mysteries. In lockstep with *Ruffin*, we hold that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry: district courts must "find" both that "extraordinary and compelling reasons warrant [a sentence] reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" before considering all relevant sentencing factors listed in 18 U.S.C. § 3553(a). We resolve a debate that we first teed up in *Ruffin*, holding that U.S. Sentencing Guideline § 1B1.13 is not an "applicable" policy statement in cases where incarcerated persons file their own motions in district court for compassionate release. We also hold that the deferential abuse-of-discretion standard requires district courts to supply specific factual reasons for their compassionate release decisions.

---

[1] *See* Keri Blakinger & Joseph Neff, *Thousands of Sick Federal Prisoners Sought Compassionate Release. 98 Percent Were Denied*, THE MARSHALL PROJECT (Oct. 7, 2020, 6:00 AM), https://www.themarshallproject.org/2020/10/07/thousands-of-sick-federal-prisoners-sought-compassio-nate-release-98-percent-were-denied (citing data provided by BOP showing that 10,940 federal prisoners applied for compassionate release between March and May 2020). The BOP has not provided data on how many persons have filed for compassionate release since May 2020. *See id.* But the BOP updates its website every day with a running total of "Compassionate Releases / Reduction in Sentences" since the First Step Act's passage in December 2018. *See* Federal Bureau of Prisons, First Step Act, https://www.bop.gov/inmates/fsa/index.jsp (last visited Nov. 2, 2020). On November 2, 2020, BOP's website represented that there have been 1,992 grants since December 2018. *Id*. Because the Sentencing Commission has reported that there were twenty-four grants of compassionate release in 2018 and 145

> grants in 2019, see U.S. SENT'G COMM'N, THE FIRST STEP ACT OF 2018: ONE YEAR OF IMPLEMENTATION (Aug. 2020) at 47 & n.143, we can safely assume that there has been an unprecedented surge in both filings and grants of compassionate release motions in 2020.

*Jones*, 980 F.3d at 1100–02 (some footnotes omitted). Even though the First Step Act permits Petitioner to directly seek compassionate release from the district court, Petitioner is still required to first seek relief from the BOP. 18 U.S.C. § 3582(c)(1)(A).

Petitioner's request for relief challenges the North Lake warden's refusal to grant compassionate release and, implicitly, the denial of that remedy by the United States District Court for the Middle District of Florida. Neither decision, however, is reviewable under 28 U.S.C. § 2241.

In *Crowe v. United States*, 430 F. App'x 484 (6th Cir. 2011), the Sixth Circuit Court of Appeals concluded that "a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate." *Id*. at 485. Moreover, the court specifically determined "that § 2241 does not provide subject matter jurisdiction" over a petition seeking to review the BOP's decision to not seek a compassionate release for an inmate. *Id*. at 484. The court agreed with the many courts that concluded "that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." *Id*. at 485. Accordingly, Petitioner's challenge to the BOP's determination is properly dismissed.

Similarly, Petitioner's implicit challenge to the Florida district court's denial of compassionate release is not properly before this Court. "[O]nly the sentencing court is authorized to reduce a term of imprisonment [under] 18 U.S.C. § 3582(c)." *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020). "A district court reviewing a claim under § 2241 does not have the authority to circumvent the established procedures governing the various forms of

release enacted by Congress." *Id*. at 838. Accordingly Petitioner's challenge to the Florida court's denial of his motion for compassionate release is properly dismissed as well.

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice. *Id*. (dismissal for lack of subject matter jurisdiction should be without prejudice). In § 2241 cases filed by federal prisoners, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).


Dated:   December 30, 2021                         /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                 United States District Judge